**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KEVIN BROWN,
ADC #133891                                                                                                       PLAINTIFF

v.                                             3:15CV00015-DPM-JTK

JOEY MARTIN                                                                 DEFENDANT

**ORDER**

By Order dated January 23, 2015(Doc. No. 3), this Court granted Plaintiff's Motion to Proceed <u>in forma pauperis</u> in this action filed pursuant to 42 U.S.C. § 1983. However, finding Plaintiff's Complaint too vague and conclusory to enable the Court to determine whether it is frivolous, fails to state a claim, or states a legitimate claim, the Court directed Plaintiff to submit an Amended Complaint within thirty days. The Court asked Plaintiff to: "**name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he is incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Doc. No. 3, p. 4)

Plaintiff has submitted an Amended Complaint in response to the Court's Order, in which he merely states he was placed in lock-down and allowed out of his cell for fifteen minutes. (Doc. No. 4, p. 4) However, Plaintiff does not include material facts such as why he was placed in lock-down, the length of time he spent there, if he was provided notice and a hearing prior to his placement, and the number of times per day/week he is permitted out of his cell. In addition, he does not include any specific facts about the conditions of his confinement in the lock-down cell.

1

To survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

Therefore, the Court will provide Plaintiff one final opportunity in which to submit a single document which lists his Defendants, specifies the actions each of the Defendants took against Plaintiff, and how those actions violated Plaintiff's constitutional rights. In addition, Plaintiff should include facts about his placement in lockdown as noted by the Court above, including, where applicable, dates, times, and places of the alleged inappropriate actions of the Defendant(s). If Plaintiff does not comply with this directive, his Complaint will be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff shall have one final opportunity in which to submit an Amended Complaint in accordance with the directions set forth in this Order and in the January 23, 2015 Order, within thirty days of the date of this Order. Failure to comply with this Order shall result in the dismissal without prejudice of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 10th day of February, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE