**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KEVIN BROWN,
ADC #133891                                                                                        PLAINTIFF

v.                                      3:15CV00015-DPM-JTK

JOEY MARTIN                                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.    Introduction**

Plaintiff Kevin Brown is an inmate confined at the Poinsett County Detention Center (Jail). He filed this pro se 42 U.S.C. § 1983 action against Defendant Joey Martin, alleging cruel and unusual punishment due to a lack of proper exercise opportunities (Doc. No. 2). By Order dated January 23, 2015, this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit and provided him the opportunity to amend his Complaint, to more specifically set forth his allegations (Doc. No. 3). Although Plaintiff filed an Amended Complaint (Doc. No. 4), he did not include any material facts to support a constitutional claim for relief. Noting this, the Court granted Plaintiff one final opportunity in which to amend his Complaint, specifying the facts he should include in an Amended Complaint (Doc. No. 5). Plaintiff has now submitted a second Amended Complaint (Doc. No. 6).

Having reviewed Plaintiff's second Amended Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

**II.   Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints

seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

**III.    Facts and Analysis**

As noted in the February 10, 2015 Order, Plaintiff did not include material facts in his Amended Complaint concerning his allegation of being placed in lock-down, or concerning the conditions of confinement in his cell (Doc. No. 5). Therefore, the Court specified the information he should include in a second amended complaint, such as why he was placed in lock-down, the length of time he spent there, if he was provided notice and a hearing, and specific facts about the conditions of his confinement in the lock-down cell (Id.). In his second Amended Complaint, Plaintiff states that he was placed on lock-down for sixty days for battery on a correctional officer, and on January 1, 2015, and January 3, 2015, he was allowed out of his cell for only fifteen minutes, as opposed to an hour (Doc. No. 6). He further states that he started receiving a full hour out of his cell every other day after January 3, 2015. (Id.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1976). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety, that the conditions were objectively, sufficiently serious, and that the punishment imposed amounted to "the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994) (other citations omitted).

With respect to Plaintiff's allegations concerning limited out-of-cell exercise opportunities, the Court must consider several factors: the prisoner's opportunity to be out of his cell, the availability of recreation within the cell, the size of the cell and the duration of confinement. See Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992).[1] In this case, however, Plaintiff acknowledges that he was limited in his out-of-cell exercise opportunity on only two occasions, and that since that time he has been allowed an hour out of his cell every other day. He does not claim that the conditions of his cell made it impossible for him to exercise in his cell on the days he was limited in out-of-cell time. And he includes no other allegations to support a finding that his conditions deprived him of exercise or of any other human need.

Furthermore, despite the Court's instructions, he does not include any facts concerning the circumstances in which he was placed in lock-down, which would support a due process claim. He does not, as suggested by the Court's February 10, 2015 Order, claim that he was placed in lock-down as punishment, or that he was not provided notice or a hearing (Doc. No. 5). Therefore, absent any

---

[1] In Wishon, the Court held that forty-five minutes of out-of-cell time per week was not unconstitutional.

other facts or allegations concerning his placement in lock-down or his conditions of confinement, the Court finds that Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's second Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.   This dismissal constitute a "strike" within the meaning of the PLRA.[2]

3.   The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED this 20th day of February, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.